UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERESA HENRY,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Case No.:
                                       )
SOUTHWEST VOLUSIA                      )
HEALTHCARE CORP.                       )
D/B/A ADVENT HEALTH NEW                )
SMYRNA BEACH,                          )
                                       )
        Defendant.                     )
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff TERESA HENRY ("Plaintiff" or "Henry"), and files her Complaint against Defendant, SOUTHWEST VOLUSIA HEALTHCARE CORP. D/B/A ADVENT HEALTH NEW SMYRNA BEACH ("Defendant" or "Advent Health"), and in support she states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), to redress Defendant's unlawful employment practices against

1

Plaintiff including Defendant's unlawful discrimination, harassment, retaliation against Plaintiff because of her age and disability leading to her unlawful termination.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA and the ADA.

3.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5.     Plaintiff, Henry is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Volusia County, Florida.

6.     Defendant, Advent Health, is a Florida Not For Profit Corporation with its principal place of business in Orange City, Florida.

7.      Defendant does business in this judicial district at 401 Palmetto St., New Smyrna Beach, Florida 32168.

8.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On November 7, 2019 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age, disability, and retaliation.

11.     Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12.     On July 30, 2020 Plaintiff notified the FCHR she would like to file a civil action as the investigation had been pending for over one hundred and eighty (180) days.

13.     On September 11, 2020 and September 14, 2020, the FCRH issued to Plaintiff a Notice of Dismissal.

14.     On April 13, 2021the EEOC issued to Plaintiff her Notice of Right to Sue, upon request.

15.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

16.     Plaintiff is a disabled female who at all times relevant was over the age of 40.

17.     Plaintiff worked for Defendant as Critical Care Nurse.

18.     Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

19.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20.     In February 2019, Plaintiff fractured her hip socket resulting in severe pain and rendering her disabled.

21.     The fracture substantially limited Plaintiff's major life activities such as her ability to walk.

22.    Plaintiff went to the emergency room and following an MRI, doctors diagnosed her with additional disabilities of Lumbar Spondylosis with myelopathy.

23.    Plaintiff's additional diagnoses resulted in extreme pain and substantially limited her major life activities of bending and walking.

24.    Due to her disabilities, Plaintiff applied for and utilized FMLA leave.

25.    Near the end of Plaintiff's FMLA leave, Plaintiff was further diagnosed with delayed healing of her right hip and lumbar spondylosis with myelopathy.  This additional diagnosis substantially limited her major life activity of walking and required Plaintiff remain out of work for a brief period following her FMLA leave.

26.    On July 7, 2019, Plaintiff's doctor cleared her to return to work with the restriction to not work more than 30 hours per week in addition to using a cane or walker to walk.

27.    Plaintiff returned to work on July 8, 2019.

28.    Over the next few weeks, Plaintiff's condition began to deteriorate, and her pain increased.

29.    Defendant failed to engage in the interactive process with Plaintiff.

30.    Instead, Assistant Nurse Manager, Katheryn Wright, asked Plaintiff if Plaintiff could apply for Social Security.

31.     Ms. Wright's comment demonstrated her discriminatory animus towards Plaintiff's age and disability by suggesting Plaintiff go on Social Security benefits instead of working her position with accommodations.

32.     Defendant further targeted Plaintiff due to her age when Director of Surgery, Karen Torrey, called Plaintiff to her office and asked Plaintiff specifically how old she was.

33.     Plaintiff asked why Defendant needed that information and Ms. Torrey replied that Defendant wanted to know which employees were over the age of 60.

34.      Ms. Torrey also asked Plaintiff when she was planning to retire.

35.     On August 8, 2019, Plaintiff's doctor directed Plaintiff to take a brief medical leave.  That same day, Plaintiff met with Human Resources Director, Nancy Evolga, to discuss reasonable accommodations.

36.     Ms. Evolga's office was upstairs and the elevator was out of order. Ms. Evolga forced Plaintiff to climb over 30 stairs to meet instead of reasonably accommodating her with an alternative meeting location.

37.     Climbing stairs violated Plaintiff's restrictions and knowingly aggravated Plaintiff's disability because Plaintiff required the use of a cane or walker to reduce the weight bearing on her hip, which is impossible to do while climbing stairs.

38.     When Plaintiff met with Ms. Evolga, she reported concerns of age and disability discrimination and requested the reasonable accommodation of being reassigned to a stationary job position.

39.     Defendant was advertising for several stationary job positions that Plaintiff was qualified for and capable of doing, but Defendant refused to reasonably accommodate Plaintiff.  Instead, Ms. Evolga expressly told Plaintiff to find and apply to other positions and that Plaintiff was on her own.

40.     Plaintiff's requested accommodation was reasonable because Defendant provided the same requested accommodation to other employees by transferring them to alternative positions without requiring them to apply.

41.     On August 13, 2019, Plaintiff applied for a stationary job position as a Clinical Documentation Specialist.  Plaintiff informed Ms. Evolga and Ms. Torrey when she applied to a position and that she put them down as references.

42.     However, Defendant refused to assist Plaintiff with finding an alternative position and refused to consider Plaintiff for the positions she applied for to discriminate against her based on her age and disability and retaliate against her for her protected escalations regarding the discrimination.

43.     On August 24, 2019, Defendant's Leave Administration Department informed Plaintiff that it scheduled a meeting for Plaintiff and Ms. Wright to discuss Plaintiff's accommodations requests on September 3, 2019; however, on

August 30, 2019, Ms. Wright texted Plaintiff stating that the meeting was cancelled to due Hurricane Dorian.

44.     Without further communication on August 30, 2019, Corporate Human Resources, Bree Bentley, called Plaintiff and stated that Plaintiff would be receiving a termination letter via FedEx.

45.     Plaintiff disputed the termination and reported Defendant's failure to accommodate her and her pending meeting to discuss her accommodations. Plaintiff also reported that she had not received any contact regarding the remote job position she applied for.  Ms. Bentley stated that she would check on Plaintiff's concerns and get back to her.

46.     On September 9, 2019, Ms. Bentley called Plaintiff and stated that Plaintiff's termination was upheld.

47.     Later that same day, September 9, 2019, Ms. Wright texted Plaintiff informing Plaintiff that Plaintiff was entitled to an ADA interactive process, unaware of Plaintiff's termination.

48.     Plaintiff informed Ms. Wright about her termination, but Ms. Wright failed to take any remedial action.

49.     Similarly, Ms. Torrey indicated that she was "shocked" and "disturbed" by Plaintiff's termination but failed to take any remedial action.

50.   Defendant's conduct was wanton, willful, and malicious causing Plaintiff emotional damages.

51.   Plaintiff has been damaged by Defendant's illegal conduct.

52.   Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Disability Based Discrimination in Violation of the ADA

53.   Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-52 above.

54.   Plaintiff was a qualified individual with a disability.

55.   Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

56.   Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

57.   Defendant violated the ADA by unlawfully targeting and discriminating against Plaintiff based on her disability.

58.   Defendant intentionally discriminated against Plaintiff based on her disability.

59.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and

continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

60.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count II:
### Failure to Accommodate in Violation of the ADA

61.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-52 above.

62.     Plaintiff was a qualified individual with a disability.

63.     Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

64.     Defendant is required under the to engage in the interactive process to reasonably accommodate Plaintiff.

65.     Defendant violated the ADA by refusing to provide reasonable accommodations or otherwise engaging in the interactive process.

66.    It would not have created an undue hardship for Defendant to reasonably accommodate Plaintiff.

67.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

68.    Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count III:
## Age Based Discrimination in Violation of the ADEA

69.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, 30-34, and 38-52 above.

70.    At all times relevant to this action, Plaintiff was in a protected category under the ADEA because she is over 40 years old during the relevant time period.

11

71.     Defendant is prohibited under the ADEA from discriminating against Plaintiff because of her age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

72.     Defendant violated the ADEA by discharging and discriminating against Plaintiff based on her age.

73.     Defendant intentionally discriminated against Plaintiff on the basis of her age.

74.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

75.     Defendant's unlawful conduct in violation of the ADEA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

**Count IV:**
**Retaliation in Violation of the ADA**

76.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-23, 26-52 above.

77.     Plaintiff engaged in protected activity under the ADA while employed by Defendant.

78.     Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

79.     Defendant's conduct violated the ADA.

80.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

81.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count V:
## Retaliation in Violation of the ADEA

82.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, 30-34, and 38-52 above.

83.   Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

84.   Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

85.   Defendant's conduct violated the ADEA.

86.   As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

87.   Defendant's unlawful conduct in violation of the ADEA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count VI:
## Age Based Discrimination in Violation of the FCRA

88.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-17, 30-34, and 38-52 above.

89.     At all times relevant to this action, Plaintiff was in a protected category under the ADEA because she is over 40 years old during the relevant time period.

90.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

91.     Defendant violated the FCRA by discharging and discriminating against Plaintiff based on her age.

92.     Defendant intentionally discriminated against Plaintiff on the basis of her age.

93.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

94.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

**Count VII:**
**Handicap Based Discrimination in Violation of the FCRA**

95.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-52 above.

96.     Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

97.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

98.     Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her handicap.

99.     Defendant intentionally discriminated against Plaintiff on the basis of her handicap.

100.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including

but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

101.   Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count VIII:
### Failure to Accommodate in Violation of the FCRA

102.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-52 above.

103.   Plaintiff was a qualified individual with a disability.

104.   Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

105.   Defendant is required under the to engage in the interactive process to reasonably accommodate Plaintiff.

106.   Defendant violated the FCRA by refusing to provide reasonable accommodations or otherwise engaging in the interactive process.

107.   It would not have created an undue hardship for Defendant to reasonably accommodate Plaintiff.

108.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

109.   Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages

### Count IX:
### Retaliation in Violation of the FCRA

110.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-52 above.

111.   At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA and over 40 years old.

112.   Plaintiff engaged in protected activity by reporting discrimination on the basis of her disability, including Defendant's failure to accommodate her, and on the basis of her age.

113.   Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

18

114.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

115.    Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests this Honorable Court:

a.    Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b.    Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c.    Award any other and further relief as this Court deems just and proper.

19

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Zane A. Herman*
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*